FITZGERALD KNAIER LLP
Keith M. Cochran (SBN: 254346)
kcochran@fitzgeraldknaier.com
402 West Broadway, Suite 1400
San Diego, California 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

BUDZYN IP LAW, LLC
Ludomir A. Budzyn (*pro hac vice* forthcoming)
lbudzyn@budzyn-ip.com
120 Eagle Rock Avenue, Suite 328
East Hanover, New Jersey 07936
Tel: (973) 486-4114
Fax: (973) 201-0660

Attorneys for Plaintiff,
MeshConnect LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MESHCONNECT LLC, a Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ENVISION LED LIGHTING, INC., a California corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT:**<br><br>**1. INFRINGEMENT OF U.S. PATENT NO. 12,455,070**<br>**2. INFRINGEMENT OF U.S. PATENT NO. 12,571,530**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MeshConnect LLC ("MeshConnect" or "Plaintiff"), by and through the undersigned counsel, hereby files suit against Defendant Envision LED Lighting, Inc. ("Envision" or "Defendant") for patent infringement of United States Patent Nos. 12,455,070 and 12,571,530 (the "Patents-in-Suit", attached hereto as Exhibits 1-2, respectively), and alleges as follows:

**INTRODUCTION**

1. MeshConnect owns by assignment all right, title and interest in numerous United States and foreign patents, including the Patents-in-Suit.

2. Defendant infringes the Patents-in-Suit by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, a number of its commercial products including, *inter alia*, Item no. S-AUD-PIR-SL (collectively, the "Accused Products")(Exhibits 3-4). The Accused Products are marketed, offered for sale, sold and distributed throughout the United States, including in this district.

3. Through this action, MeshConnect seeks compensation for the harm it suffered as a result of Defendant's infringement of the Patents-in-Suit.

**NATURE OF THE ACTION**

4. This action for patent infringement arises under the patent laws of the United States, 35 U.S.C. §§1 *et. seq*.

5. Defendant has infringed and continues to infringe one or more claims of Patents-in-Suit at least by making, using, selling, and/or offering to sell the Accused Products in the United States, including in this judicial district, and/or by importing the Accused Products into the United States.

6. MeshConnect is the legal owner by assignment of the Patents-in-Suit, which were duly and legally issued by the United States Patent and Trademark Office (USPTO). MeshConnect seeks monetary damages for Defendant's infringement of the Patents-in-Suit.

## THE PARTIES

7. MeshConnect is a limited liability company duly organized and existing under the laws of the State of Florida with its principal place of business at 7901 4th Street N., Suite 300, St. Peterburg, Florida 33702.

8. Defendant Envision is a stock corporation duly organized and existing under the laws of the State of California with its principal place of business at 2143 San Ysidro Drive, Beverly Hills, CA 90210.

9. On information and belief, Envision directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in this judicial district, and otherwise directs infringing activities to this district in connection with its products and services.

## JURISDICTION AND VENUE

10. This is a civil action for patent infringement arising from the patent laws of the United States, 35 U.S.C. §§1 et seq. This Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§1331 and 1338(a).

11. This Court has general and specific personal jurisdiction over Defendant. Defendant conducts substantial business in the forum, directly and/or through intermediaries, including: (1) at least a portion of the infringing activity alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to persons in this district; and (iii) having a regular and established place of business in this state and in this district.

12. Venue is proper in this judicial district under 28 U.S.C. §1400(b) because Defendant has committed acts of patent infringement in this district and has a regular and established places of business in this district.

## PATENTS-IN-SUIT

13. On October 28, 2025, the USPTO duly and legally issued United States Patent No. 12,455,070 ("the '070 Patent") entitled "SOLID-STATE

LIGHTING FIXTURES WITH SOCKET CONNECTIONS FOR ACCESSORIES AND ACCESSORIES FOR USE THEREWITH" to inventors Ramesh Raghavan, Aymen Chami, Eric Clohosey, Stephen Andrew Entrekin, and Xiaoming Dai. A true and correct copy of the '070 Patent is attached as Exhibit 1.

14. The '070 Patent is presumed valid under 35 U.S.C. §282.

15. MeshConnect owns all right, title, and interest in the '070 Patent.

16. On March 10, 2026, the USPTO duly and legally issued United States Patent No. 12,571,530 ("the '530 Patent") entitled "SOLID-STATE LIGHTING FIXTURES WITH SOCKET CONNECTIONS FOR ACCESSORIES AND ACCESSORIES FOR USE THEREWITH" to inventors Ramesh Raghavan, Aymen Chami, Eric Clohosey, Stephen Andrew Entrekin, and Xiaoming Dai. A true and correct copy of the '530 Patent is attached as Exhibit 2.

17. The '530 Patent is presumed valid under 35 U.S.C. §282.

18. MeshConnect owns all right, title, and interest in the '530 Patent.

## CLAIM FOR RELIEF

### Count I – Direct Infringement of United States Patent No. 12,455,070

19. MeshConnect realleges and incorporates all of the preceding paragraphs as though fully set forth herein.

20. Envision (or those acting on its behalf) has directly infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '070 Patent in violation of 35 U.S.C. §§271 et seq., by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Accused Products.

21. As just one non-limiting example, as set forth in Exhibit 5 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '070 Patent in connection with one of the Accused Products (e.g., Item No. S-AUD-PIR-SL). This description is based on publicly available information. MeshConnect reserves the right to modify this description, including, for example, on the basis

of information about the Accused Products that it obtains during discovery.

22. MeshConnect is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. §287 with respect to the ‘070 Patent.

23. MeshConnect is entitled to recover from Defendant all damages that it has sustained as a result of Defendant’s infringement of the ‘070 Patent, including, without limitation, a reasonable royalty.

**Count II — Contributory Infringement of United States Patent No. 12,455,070**

24. MeshConnect realleges and incorporates all of the preceding paragraphs as though fully set forth herein.

25. Direct infringers (such as Defendant’s customers and end-users) directly infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the ‘070 Patent by using the Accused Products in connection with third-party light fixtures. (Exhibit 5). This description is based on publicly available information. MeshConnect reserves the right to modify this description, including, for example, on the basis of information about the Accused Products that it obtains during discovery.

26. Defendant has had knowledge of the ‘070 Patent and knowledge that its acts were causing or contributing to direct infringement.

27. Defendant has contributed to the infringement of the ‘070 Patent by selling, offering to sell, or importing into the United States, the Accused Products for use in practicing the patented invention, knowing that such products are especially made or adapted for use in an infringing manner and not staple or non-infringing.

28. Defendant’s contributory infringement has caused and will continue to cause Plaintiff irreparable harm and monetary damage for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284.

**Count III – Direct Infringement of United States Patent No. 12,571,530**

29. MeshConnect realleges and incorporates all of the preceding paragraphs as though fully set forth herein.

30. Envision (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the ‘530 Patent in violation of 35 U.S.C. §§271 et seq., by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Accused Products.

31. As just one non-limiting example, as set forth in Exhibit 6 is an exemplary claim chart evidencing Defendant’s infringement of claim 1 of the ‘530 Patent in connection with one of the Accused Products (e.g., Item No. S-AUD-PIR-SL). This description is based on publicly available information. MeshConnect reserves the right to modify this description, including, for example, on the basis of information about the Accused Products that it obtains during discovery.

32. MeshConnect is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. §287 with respect to the ‘530 Patent.

33. MeshConnect is entitled to recover from Defendant all damages that it has sustained as a result of Defendant’s infringement of the ‘530 Patent, including, without limitation, a reasonable royalty.

**Count IV — Contributory Infringement of United States Patent No. 12,571,530**

34. MeshConnect realleges and incorporates all of the preceding paragraphs as though fully set forth herein.

35. Direct infringers (such as Defendant’s customers and end-users) directly infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the ‘530 Patent by using the Accused Products in connection with third-party light fixtures. (Exhibit 6). This description is based on publicly available information. MeshConnect reserves the right to modify this description, including,

for example, on the basis of information about the Accused Products that it obtains during discovery.

36. Defendant has had knowledge of the ‘530 Patent and knowledge that its acts were causing or contributing to direct infringement.

37. Defendant has contributed to the infringement of the '530 Patent by selling, offering to sell, or importing into the United States, the Accused Products for use in practicing the patented invention, knowing that such products are especially made or adapted for use in an infringing manner and not staple or non-infringing.

38. Defendant’s contributory infringement has caused and will continue to cause Plaintiff irreparable harm and monetary damage for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

a. That judgment be entered that Defendant has infringed at least one or more claims of the patents-in-suit, directly and/or contributorily, literally and/or under the doctrine of equivalents;

b. An award of damages sufficient to compensate MeshConnect for Defendant’s infringement under 35 U.S.C.§284;

c. Costs and expenses in this action;

d. An award of prejudgment and post-judgment interest; and

e. Such other and further relief as the Court may deem just and proper.

Dated: November 9, 2026

FITZGERALD KNAIER LLP

By: */s/ Keith M. Cochran*

Keith M. Cochran
Attorney for Plaintiff
MeshConnect LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 9, 2026

FITZGERALD KNAIER LLP

By: */s/ Keith M. Cochran*
Keith M. Cochran
Attorney for Plaintiff
MeshConnect LLC